# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

In re:

HOWARD B. SMITH,    Case No. 6:12-bk-02333-ABB
                   Chapter 13
    Debtor.
_____/

DAVID ZASLAVSKY    Adv. Pro. No. 6: 12-ap-00104-ABB

    Plaintiff,

vs.

HOWARD B. SMITH

    Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the adversary complaint (Doc. No. 1) filed by David Zaslavsky ("Plaintiff") against the Defendant/Debtor Howard B. Smith ("Debtor") requesting the Debtor's discharge be denied pursuant to 11 U.S.C. Section 727(a)(4)(A).[1] The final evidentiary hearing was held on September 6, 2012. The parties have submitted post-hearing briefs pursuant to the Court's directive. (Doc. No. 42, Main Case and Doc. No. 23, Adversary Proceeding).

Judgment is due to be entered in the adversary proceeding in favor of the Debtor and against Plaintiff for the reasons set forth herein. The Court makes the following

---

[1] The Complaint also pleaded causes of action pursuant to 11 U.S.C. Section 523(a)(2)(A) and (a)(3) and Section 727(a)(2) and (3). These claims were withdrawn in open court during the final evidentiary hearing. Plaintiff proceeds upon his 727(a)(4)(A) claim only.

Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

### FINDINGS OF FACT

This adversary proceeding emanates from Plaintiff's sale of his one-half interest in the White Eagle Lounge, a bar situated on U.S. 1 in Flagler County, Florida. The White Eagle serves food and beverages, including alcoholic beverages. On Thursday through Saturday nights, it offers live music. On Friday nights, it hosts a steak night. The White Eagle is a significant rally location during the annual motorcycle events of Bike Week and Biketoberfest. The business has seven employees.

Plaintiff sold Debtor his interest in the stock in the White Eagle corporation, three parcels of real property, the business's liquor license, fixtures, and furnishings, for the sum of $1.2 Million in December 2007. The balance on Plaintiff's loans to Debtor currently exceeds $900,000.00.[2]

Debtor filed Chapter 13 on February 24, 2012. Plaintiff contends Debtor intentionally concealed assets from his creditors by misstating the value of the White Eagle in his bankruptcy filing.

Debtor's Schedule B lists White Eagle Lounge, Inc., including the bar and land, and values Debtor's interest at $0.00 with an explanatory phrase "all under water." Debtor testified he listed the value of the asset as zero because he owes more on the bar than it is worth.

---

[2] Debtor made a $300,000.00 down payment at the time of the purchase. He signed two promissory notes, each payable to Plaintiff for $450,000.00, a total indebtedness of $900,000.00. Debtor made interest only payments to Plaintiff through the Spring of 2010, then ceased paying Plaintiff.

The White Eagle real estate and liquor license secure a total of $695,000.00 in loans to Debtor from the Johnson estate ($245,000.00) and Plaintiff ($450,000.00).

No evidence was admitted regarding the value of the White Eagle real estate. The value of the liquor license is approximately $300,000.00, based on Plaintiff's undisputed testimony. The value of the bar as a going concern is unclear. The corporate tax returns show no profit. Other business records are incomplete and inaccurate. The profit and loss statements do not record all expenses or income. Debtor testified the following items are expenses of the business not listed in these business records:

1. $2,050.00 per month to the estate of Robert Johnson in repayment of the loan discussed above;

2. $4,000.00-$5,000.00 per month in food expenses;

3. various payments to bands that appear at the bar three nights a week.

The business receives income from at least one vendor that pays rent to sell products at the motorcycle rallies, which income is not reflected on the profit and loss statements.

Debtor's Schedule B is incorrect in claiming the value of Debtor's interest in the White Eagle bar and real estate as $0.00. The form asks for "Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption." (emphasis added). Debtor owns one-half of the White Eagle. The White Eagle owns real estate, a liquor license worth approximately $300,000.00, equipment, and fixtures, and has a revenue stream that pays several thousand dollars in expenses monthly.

Debtor did not attempt to conceal his ownership of the White Eagle Lounge. He claimed it on Schedule B and explained on that schedule the asset was "under water."

His valuation of the asset at $0.00 was not fraudulent. It was based on his incorrect belief an asset subject to liens in excess of its value should be valued at $0.00.

## CONCLUSIONS OF LAW

### *11 U.S.C. Section 727(a)(4)(A)*

Plaintiff seeks denial of Debtor's discharge pursuant to 11 U.S.C. Section 727(a)(4)(A), arguing Debtor falsely claimed on Schedule B the value of his interest in the White Eagle is $0.00.

Objections to discharge are strictly construed against the objecting party and liberally in favor of the debtor. Schweig v. Hunter (In re Hunter), 780 F.2d 1577, 1579 (11th Cir. 1986). "[T]he reasons for denying a discharge must be real and substantial, not merely technical and conjectural." Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 304 (11th Cir. 1994).

Section 727(a) of the Bankruptcy Code sets forth the Debtor shall be granted a discharge unless certain abuses have been committed by him. Section 727(a)(4)(A) provides the Court shall grant the debtor a discharge, unless "the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account." 11 U.S.C. § 727(a)(4)(A).

Plaintiff bears the significant burden of establishing actual fraudulent intent. Equitable Bank v. Miller (In re Miller), 39 F.3d 301, 306 (11th Cir. 1994) (*citing* Wines v. Wines (In re Wines), 997 F.2d 852, 856 (11th Cir. 1993)). Grounds for the denial of a discharge do not exist where a debtor completes his bankruptcy papers to the best of his abilities and attempts to be complete and accurate. In re Burns, 395 B.R. 756, 769

(Bankr. M.D. Fla. 2008). "Discharge may not be denied where the untruth was the result of mistake or inadvertence." Keefe v. Rudolph (In re Rudolph), 233 Fed. Appx. 885, 889 (11th Cir. 2007) (*citation omitted*).

Debtor's Schedule B is inaccurate. It was completed improperly. Debtor considered the property "under water" — subject to liens in excess of the value of his interest — and therefore claimed the value of his interest as $0.00. Schedule B requires a statement of value "without Deducting any Secured Claim or Exemption."

Debtor owns one-half of the White Eagle. The White Eagle owns a liquor license worth approximately $300,000.00, equipment, and fixtures, and has a revenue stream that pays several thousand dollars in expenses monthly. Debtor should have valued his interest in the business without regard to the liens attaching to the property. Debtor's Schedule B is a false oath made in connection with this case.

Plaintiff did not establish the false oath was made with fraudulent intent. Debtor did not attempt to hide his interest in the White Eagle. He claimed it on Schedule B and explained on that schedule the asset was "under water." His incorrect belief an asset subject to liens in excess of its value should be valued at $0.00 led to the incorrect valuation of the asset. The statement was not intended to conceal property and was not fraudulent.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that judgment shall enter in favor of

the Debtor and against the Plaintiff on the adversary complaint (Doc. No. 1). A separate judgment consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 31st day of January, 2013.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge